## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MADYUN ABDULHASEEB, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. CIV-05-1211-W** |
| | ) | |
| SAM CALBONE, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon conducting an initial review of the complaint, the undersigned finds that Plaintiff's action should be dismissed upon filing.

In his complaint, Plaintiff names twenty-three individual Defendants, who are all either affiliated with the Great Plains Correctional Facility in Hinton, Oklahoma, the Oklahoma State Penitentiary in McAlester, Oklahoma, or the Oklahoma Department of Corrections. The named Defendants are: Sam Calbone, Warden, Great Plains Correctional Facility; Ken Wood, Chaplin, Great Plains Correctional Facility; Lt. Barger, Disciplinary Officer, Great Plains Correctional Facility; Travis Smith, Deputy Warden, Great Plains Correctional Facility; J. Hoskins, Grievance Coordinator, Great Plains Correctional Facility; Lumpkins, Maintenance Supervisor, Great Plains Correctional Facility; Vanwey, Case Manager, Great Plains Correctional Facility; Elizondo, Unit Manager, Great Plains Correctional Facility; Branum, Investigator, Great Plains

Correctional Facility; Ron Ward, Director, Oklahoma Department of Corrections; Melinda Guilfoyle, Manager of Administrative Review and Designee of Director, Oklahoma Department of Corrections; Debbie Morton, Manager of Administrative Review and Designee of Director, Oklahoma Department of Corrections; Richard Kirby, General Counsel, Oklahoma Department of Corrections; Ron Anderson, Deputy General Counsel, Oklahoma Department of Corrections; Mike Mullin, Warden, Oklahoma State Penitentiary; G. Franzese, Chaplain, Oklahoma State Penitentiary; Kameron Harvanek, Deputy Warden, Oklahoma State Penitentiary; Kenny Demby, Food Service Supervisor, Great Plains Correctional Facility; Mr. Mock, Food Service Supervisor, Great Plains Correctional Facility; Ms. Cartwright, Food Service Supervisor, Great Plains Correctional Facility; Major Devaughn, Chief of Security, Great Plains Correctional Facility; Lt. Beasley, Lieutenant, Great Plains Correctional Facility; and Mr. John Doe, Maintenance Supervisor, Great Plains Correctional Facility.  In his twenty-count complaint, Plaintiff alleges that various and certain Defendants have violated and or burdened his sincerely-held religious beliefs in violation of the First Amendment; have violated his rights to equal protection; have violated the First Amendment's Establishment Clause through various activities promoting the Christian religion over Islam and other religious groups; have retaliated against him for exercising his right to petition the government for redress; have subjected him to cruel and unusual punishment and/or retaliatory disciplinary treatment in violation of the Eighth Amendment; have denied him a diet consistent with his sincerely-held religious beliefs; have prohibited the expenditure of any state money from the canteen fund or inmate welfare fund for religious supplies, substantially

burdening free expression of Plaintiff's religion; have paid for Christian chaplains, but not for Muslim chaplains or religious coordinators; that he has been denied "special pay" arbitrarily because of his classification level and was not given an opportunity to demonstrate that his "special pay" was not contingent on class level; and that he was denied equal protection when he did not receive all the relief he requested following the dismissal of a retaliatory misconduct following a rehearing. Plaintiff seeks injunctive relief, declaratory relief, actual damages, compensatory damages, "punitive damages against the State, State Officials, Private Prison Corporation, Private Prison Officials acting under the color of state law and as the surrogates for the State, who receive federally appropriated funds to run the State government." Complaint, p. 5.

## I. SCREENING REQUIREMENT

28 U.S.C. § 1915A provides that "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The provision further states that upon such review, the Court shall dismiss any complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Also, as Plaintiff's claims involve a civil action "brought with respect to prison conditions," screening is necessary under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1). Section 1997e(c)(1) provides:

> The court shall . . . dismiss any action brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . .

For the reasons set forth below, the undersigned recommends dismissal of this action for failure to state a claim upon which relief can be granted. In particular, Plaintiff has failed to show total exhaustion of administrative remedies, which is an essential element of his § 1983 claim.

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

In Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207-09 (10th Cir. 2003), cert. denied, 125 S.Ct. 344 (2004), the Tenth Circuit Court of Appeals clarified the "procedural and practical aspects" of the exhaustion requirement contained in the Prison Litigation Reform Act (PLRA), holding that 42 U.S.C. § 1997e(a) places the burden on the prisoner to demonstrate administrative exhaustion in his complaint.  The Court held that exhaustion of administrative remedies is an essential allegation of a prisoner's claim, as "it is the prisoner who can best assert the relationship between his administrative grievance and court filing." Id. at 1210.  Accordingly, a "prisoner must: (1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed.R.Civ.P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Id. (citations omitted). Furthermore, "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'" Id. (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.1998)).

4

Further strengthening the exhaustion requirement, the Tenth Circuit has adopted both the concepts of procedural default and total exhaustion in connection with § 1997e(a). First, with regard to the concept of procedural default, the Court has stated that "[r]egardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004) (citations omitted). Second, the Court has held that an action containing both exhausted and unexhausted claims is subject to dismissal: "We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in [the plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice." Id. at 1189; Wilson v. Ward, No. 04-6123, 2005 WL 256575, at **1 (10th Cir. Feb. 3, 2005)[1] (citing Ross, Graves v. Norris, 218 F.3d 884, 885 (8th Cir.2000) ("When multiple prison condition claims have been joined . . . , § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.") and United States v. Mubarak, 315 F.Supp.2d 1057, 1060 (S.D. Cal. 2004) (examining the language of 42 U.S.C. § 1997e(a) and determining that "[u]se of the term 'action' instead of 'claim' evidences an intent to disallow mixed complaints")).

In this case, Plaintiff makes some specific allegations that he exhausted his administrative remedies with regard to Counts I, V, VI, VIII, XV, and XX of the complaint, and then generally states at the end of the complaint:

---

[1]This and any other unpublished disposition are cited for persuasive authority pursuant to Tenth Circuit Rule 36.3.

> I filed requests to staff, grievances with the facility head, and grievance appeals to the Director in all claims **except the emergency grievances**, which were sensitive and emergency circumstances.  In the other claims I filed emergency grievances with the Director. In retaliation for filing grievances, Debbie Morton unjustly placed me in grievance restriction. Defendants engaged in ex parte communications, returned eight or nine of my grievances for amended review, instruction to [Great Plains Correctional Facility] on how to defeat claims, and then denied me relief on nonexistent technical violations.  They destroyed requests to staff, refused to construe my affidavits attached to my grievances liberally, and conspired to prevent me to exhaust administrative remedies, freedom of religion, and access to the courts and freedom form [sic] cruel and unusual punishments.  In good faith, I attempted to utilize all informal and formal means to exhaust administrative remedies.

Complaint, p. 5.   However, he provides no "written documentation," nor does he "describe with specificity the administrative proceeding and its outcome" by giving the dates of the grievances or administrative proceedings to which he refers, or in this case, even the names of the Defendants who did the various acts that he describes that prevented exhaustion (engaging in ex parte communications, returning grievances, destroying requests to staff, instructing staff on how to defeat claims, refusing to construe affidavits liberally, conspiring to prevent exhaustion). See Steele, 355 F.3d at 1210.[2] Furthermore, Plaintiff does not give any description of his efforts to further exhaust those claims in Counts IX, X, XI, XII, or XIII, in which he alleges that the only exhaustion process was a rejected attempt to grieve the matter as an emergency.  Plaintiff provides no detail as to his efforts to exhaust his claim in Count IV, stating only that he requested permission to add an additional friend to his visiting list and that "Defendants VanWey, Smith, Calbone, and Ward denied my requests."  The same is true of his claim in Count

---

[2]Plaintiff does provide a specific description of the administrative proceedings in connection with Counts VI and VIII, including an allegation that certain named Defendants interfered in the grievance process.

VII that "Defendants" violated the Establishment Clause by annually connecting December/January festivities with Christmas. As to the remaining claims, Plaintiff either fails to mention exhaustion at all, or only refers to incomplete efforts to seek administrative relief. <u>See</u> Counts XVI, XVII; Count XIX.

In summary, Plaintiff's allegations with regard to the exhaustion of administrative remedies are only sufficient with regard to six of the claims brought in the instant action: Counts I, V, VI, VIII, XV, and XX.  It is impossible to tell whether Plaintiff has exhausted his administrative remedies with regard to his remaining claims.  Indeed, it seems fairly apparent that Plaintiff *has not* exhausted his administrative remedies with regard to some of his claims – specifically, those for which he only submitted an emergency grievance. Plaintiff alleges that he attempted to file emergency grievances with regard to his claims in Counts IX, X, XI, XII, or XIII, but does not allege that he attempted to pursue his administrative remedies through the use of non-emergency procedures.  <u>Brewer v. Mullin</u>, No. 04-7047, 130 Fed. Appx. 264, 265-266 (10th Cir. Apr. 27, 2005) ("Mr. Brewer may believe that prison officials erred in deciding his issues were not emergencies, but that does not mean that he can simply ignore their determination and opt out of the grievance procedure.").  Plaintiff's disagreement with prison officials as to the appropriateness of a particular procedure under the circumstances, or his belief that he should not have to correct a procedural deficiency does not excuse his obligation to comply with the available process:

> In order to exhaust administrative procedures, the inmate must see the grievance process to its conclusion; the doctrine of substantial compliance does not apply, and there is no exception for when the inmate fails to cure

a procedural deficiency or neglects to employ available internal processes before the time expires for pursuing them.

Johnson v. Wackenhut Corrections Corp.  No. 04-6245, 130 Fed. Appx. 947 949-950 (2005), (10th Cir. May 11, 2005).  Plaintiff's "catch all" paragraph at the conclusion of his complaint that various "Defendants" kept him from exhausting his administrative remedies is simply insufficient; it is Plaintiff's burden to show exhaustion, either through copies of documents or through specific allegations. See Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1237 (10th Cir. 2005) ("by way of explanation for his failure to exhaust, [Plaintiff argued that he] 'felt stuck.' The question, however, is not whether he felt stuck, but whether he was stuck.").

One of the main purposes of exhaustion is to give prison officials the first opportunity to address the prisoner's complaint – thereby potentially eliminating the need for litigation – and to create an administrative record that facilitates review of the prisoner's claim if litigation is ultimately pursued. Ross, 365 F.3d at 1184.  Neither has apparently occurred in this case with regard to at least some of Plaintiff's claims.  Steele and its progeny have made it clear that total exhaustion is required; exhaustion of similar claims is not sufficient. See  Smith v. Rudicel, No. 04-3462, 2005 WL 375861, at **2 (10th Cir.  Feb. 17, 2005), cert. denied 126 S. Ct. 52 (2005) ("It would therefore be inappropriate to allow a plaintiff to bring new claims at this stage, even where similar claims have been fully exhausted."); Palozie v. Pugh,  No. 04-1313, 2004 WL 2931372, at **2 (10th Cir. Dec. 20, 2004) (no exhaustion where documents do not necessarily match with specificity the claims raised in plaintiff's complaint). Accordingly, the undersigned finds that neither Plaintiff's allegations in the form complaint nor in the

8

attached pages are sufficient to satisfy his burden of showing total exhaustion of administrative remedies. Thus, it is recommended that this action be dismissed without prejudice. <u>Steele</u>, 355 F.3d at 1213 ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice."); <u>Ross</u>, 365 F.3d at 1190 (where a prisoner submits "a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.").

As the undersigned is further recommending that Plaintiff be given an opportunity to amend if he can make the necessary showing under <u>Steele</u> that he has in fact exhausted his administrative remedies, it is also recommended that if Plaintiff amends, he be required to cure the deficiencies in the complaint created by his failure to abide by the instructions given for use of the form civil rights complaint. While the undersigned has construed Plaintiff's filings in this Court liberally, as required to do under the standards of <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), liberal construction does not excuse Plaintiff from Local Civil Rule 9.2 requiring him to use the form complaint provided by the Court for actions under 42 U.S.C. § 1983 or to supply the Court with equivalent information.  The form complaint requires Plaintiff to divide his complaint into separate counts – delineating each constitutional right which he believes has been violated, followed by the supporting facts for that count describing persons involved, places, and dates, and most importantly, exactly *how each defendant is involved*. As it now stands, some of Plaintiff's allegations are contained in the "Nature of the Case" section of the form complaint, some are contained in the section in which he identifies

the various defendants,[3] and the rest are contained in attached pages containing Counts IV-XX. The effect of this structure is that Plaintiff has failed to allege under each Count what each Defendant specifically did to violate his constitutional rights. The purpose of the form complaint is to guide Plaintiff in the formulation of a short and plain statement of each claim, showing that he is entitled to relief (and from whom) so as to ensure compliance with Fed.R.Civ.P. 8(a). The form complaint allows attachments, but the basic organization of the form must be followed.  Thus, should Plaintiff choose to file a first amended complaint omitting his unexhausted claims, this deficiency should also be corrected.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that this action be dismissed without prejudice upon filing for failure to show exhaustion of administrative remedies. If this recommendation is adopted, it is further recommended that Plaintiff be given an opportunity to amend his complaint to make the necessary showing under Steele, on his exhausted claims - such amendment to include a specific description of the administrative disposition of *each claim,* or a copy of the administrative documents showing the administrative disposition of each claim.  In the event Plaintiff can amend, it is further recommended that he be directed to utilize this Court's form complaint, to follow the organization of the form, and to provide equivalent information if any attachments are necessary.  Plaintiff is advised of his right to file an objection to this

---

[3]The form complaint requires a plaintiff to only briefly explain why he believes each defendant was acting under color of state law.  Instead, Plaintiff has included substantive allegations against Defendants in this section, which is not keyed to any particular count.

Report and Recommendation with the Clerk of this Court by January 18, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk is directed to send a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Oklahoma Department of Correction Defendants at the following address: fhc.docket@oag.state.ok.us.

**ENTERED this 29th day of December, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE