IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
APR - 2 2008
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY *W.H.*  DEPUTY

MADYUN ABDULHASEEB, )
)
Plaintiff, )
)
vs. ) No. CIV-05-1211-W
)
SAM CALBONE et al., )
)
Defendants. )

## ORDER

On February 12, 2008, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation and made various recommendations with regard to the issues and parties in this lawsuit. Plaintiff Madyun Abdulhaseeb was advised of his right to object, and the matter now comes before the Court not only on Abdulhaseeb's Objection to Report and Recommendation ("Objection"), but also on Abdulhaseeb's Motion for Continuance and supporting declaration filed pursuant to Rule 56(f), F.R.Civ.P.

Abdulhaseeb is currently incarcerated at James Crabtree Correctional Center. The seventeen counts[1] in his second amended complaint are based on events allegedly

---

[1] Abdulhaseeb has alleged in Counts I, II, IV, V, VI, VII, IX, X, XII and XIV, respectively, that the defendants substantially burdened his freedom of religion by failing to provide a full-time orthodox Muslim spiritual leader, by forcing him to accept pudding on his food tray, by failing to sponsor an Islamic revival, by failing to provide him with Halal meats or poultry during the Feast of the Sacrifice, by posting notices of Christian services, by publishing and disseminating pamphlets announcing Christian holiday services, by refusing to allow him to celebrate the feast of fast breaking with Halal meats from Muslim vendors, by denying him a Halal diet while incarcerated at OSP, by failing to provide a Muslim spiritual leader who is employed by the Oklahoma Department of Corrections and by failing to provide him the opportunity to attend congregational prayer or other Islamic religious services during his incarceration at OSP.

Abdulhaseeb has alleged in Counts III, XVI and XVII, respectively, that the defendants violated the equal protection clause of the fourteenth amendment by denying him permission to list a second friend on his visitation roster since other similarly situated medium security inmates are permitted to list such visitors, by failing to promote him and by denying him earned credits since other similarly situated inmates have been promoted to appropriate levels and by denying him

occurring during his incarceration at Great Plains Correctional Facility ("GPCF") and Oklahoma State Penitentiary ("OSP") and are grounded in most part on Abdulhaseeb's contention that the defendants have substantially burdened his freedom of religion.

In his Objection, Abdulhaseeb has relied on and reurged the arguments and authorities advanced in his responses file-stamped June 8, 2007, and June 19, 2007. Upon de novo review of the record and after reexamination of Abdulhaseeb's arguments and authorities incorporated by reference in his Objection, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter as set forth in his thorough and well-reasoned Report and Recommendation.

As stated, Abdulhaseeb has also filed a Motion for Continuance pursuant to Rule 56(f), supra, and a declaration in support thereof. In that motion, to which a response in opposition has been filed by defendants Ron Ward, Mike Mullin, Debbie L. Morton, Richard Kirby, Ron Anderson, Gaetano Franzese, Melinda Guilfoyle and Kameron Harvanek,[2] Abdulhaseeb has complained that Magistrate Judge Argo's Order dated March 29, 2006,

---

"special pay" for work done on special projects since other similarly situated inmates have been paid for such work.
    Abdulhaseeb has alleged in Count VIII that the defendants retaliated against him for exercising his right to petition the government for redress of grievances, in Count XI that the defendants violated the first and fourteenth amendments of the United States Constitution as well as title 42, section 2000cc of the United States Code by spending state money on secular needs rather than on inmate religious needs, in Count XIII that the defendants wrongfully confiscated his hardback religious books without providing soft-cover alternates at state expense and in Count XV that the defendants wrongfully conspired to keep him at classification Level 1 in order to lengthen his sentence and "to deny him any gang pay to satisfy [GPCF] . . . stockholders."

[2]At the time pertinent to this lawsuit, these defendants were either employed by or affiliated with Oklahoma Department of Corrections ("DOC") or Oklahoma State Penitentiary ("OSP"): Ward as DOC Director, Mullin as OSP Warden, Harvanek as OSP Deputy Warden, Guilfoyle and Morton as DOC Managers of Administrative Review and Designees of Director, Kirby as DOC General Counsel, Anderson as DOC Deputy General Counsel and Franzese as OSP Chaplain.

restricted his ability to conduct discovery and prevented him from challenging the defendants' Motions for Summary Judgment in any meaningful manner.

In his Order, Magistrate Judge Argo directed the defendants "to undertake a review of the subject matter of . . . [Abdulhaseeb's] amended complaint," Order at 1, and further advised the defendants, after such review had been completed, to compile and file a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Magistrate Judge Argo informed the parties that no discovery could be conducted until such time as the Martinez report had been filed.

Magistrate Judge Argo however also advised Abdulhaseeb that if the defendants filed a motion for summary judgment and supported the same with affidavits and/or other documents, he could "not depend upon the mere allegations in his pleadings to counter it." Id. at 2. Abdulhaseeb was told that he "must respond with counter affidavits and/or documents," id., and that if he did not so respond, the facts as outlined in the defendants' affidavits and/or documents would be deemed true and undisputed.

Abdulhaseeb neither attempted to conduct any discovery in this matter after the Martinez report was filed nor sought leave to do so. Abdulhaseeb did not seek relief under Rule 56(f) or comply with the procedures governing motions filed under Rule 56(f) prior to the issuance of the Report and Recommendation. Accordingly, the Court finds that Abdulhaseeb has not been prevented from engaging in discovery upon a showing that such discovery was necessary and further finds that Abdulhaseeb's request to engage in discovery at this late date is untimely.

Alternatively, should Abdulhaseeb's request be deemed timely, the Court finds that Abdulhaseeb has failed to make the necessary showing required by Rule 56(f) and those cases that interpret this rule. Rule 56(f) provides that

> "[i]f a party opposing [a motion for summary judgment] . . . shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the [C]ourt may . . . deny the motion[,] . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken[,] or . . . issue any other just order."

"The crux of Rule 56(f) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Hackworth v. Progressive Casualty Insurance Co., 468 F.3d 722, 732 (10th Cir. 2006)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).

Relief under this Rule is not however automatic. E.g., Burke v. Utah Transit Authority, 462 F.3d 1253 (10th Cir. 2006). To be entitled to the same, "the nomovant must submit an affidavit 'identifying the probable facts not available and what steps have been taken to obtain these facts' and must 'explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.'" 468 F.3d at 732 (quoting Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992)).

Abdulhaseeb's declaration merely recites his belief that he was prevented from conducting discovery; however, it is not enough to merely assert that discovery is incomplete or advance unsupported allegations that a party's ability to conduct discovery has been hampered or restricted and that the facts necessary to oppose summary judgment are therefore unavailable.

Rule 56(f) requires Abdulhaseeb not only to specifically identify what facts he needed to discover, but also to show in some detail how those particular facts would have

4

materially aided his case on the dispositive issues and would have led to a genuine issue of material fact that would have prevented summary judgment in the defendants' favor. Because Abdulhaseeb's declaration lacks the specificity required by Rule 56(f) and extant case law, the Court finds that the requested continuance is not warranted.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on February 12, 2008;

(2) GRANTS as set forth herein the Motion to Dismiss/Motion for Summary Judgment [Doc. 121] filed on May 11, 2007, by defendants Ward, Mullin, Morton, Kirby, Anderson, Franzese, Guilfoyle and Harvanek, which the Court has construed as a motion seeking relief under Rule 56, F.R.Civ.P.;

(3) GRANTS as set forth herein the Motion for Summary Judgment [Doc. 126] filed on May 29, 2007, by defendants Sam Calbone, VanWey, Kent Wood, Branam, Elizondo, Lt. Beasley, Z. Jacques, Major DeVaughn, J. Haskins, Travis Smith, Lt. Barger and K. Dishman,[3] which the Court has also construed as a motion seeking relief under Rule 56, supra;

(4) GRANTS as set forth herein the Motion for Summary Judgment [Doc. 127] filed on May 30, 2007, by defendants Carl Mock and Cheesie Cartwright;[4]

---

[3] At the time pertinent to this lawsuit, these defendants were either employed by or affiliated with GPCF: Calbone as Warden, Smith and Jacques as Deputy Wardens, VanWey as Case Manager, Wood as Chaplain, Branam as Investigator, Elizondo as Unit Manager, Beasley as Lieutenant, DeVaughn as Chief of Security, Haskins as Grievance Counselor, Barger as Disciplinary Officer and Dishman as Grievance Counselor.

[4] At the time pertinent to this lawsuit, these two defendants were food service supervisors who were employed by a company that had contracted to provide food service to GPCF.

(5) DISMISSES without prejudice as against all defendants Counts VI, VII, VIII, IX, XIV, XV, XVI and XVII for failure to exhaust administrative remedies;

(6) FINDS that Abdulhaseeb has failed to sufficiently demonstrate a genuine issue of material fact with regard to the essential element of his claims under title 42, section 1983 of the United States Code that defendants Ward, Morton, Guilfoyle, Franzese, Mullin, Harvanek, Kirby, and Anderson personally participated in the alleged violations of his constitutional rights and in particular, the alleged violations of his constitutional rights while Abdulhaseeb was incarcerated at GPCF as set forth in Counts I through V;

(7) FINDS that defendants Anderson, Franzese, Guilfoyle, Harvanek, Kirby, Morton, Mullin and Ward are entitled to summary judgment on Abdulhaseeb's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, as set forth in Counts X, XI, XII and XIII;

(8) FINDS that these same defendants, Anderson, Franzese, Guilfoyle, Harvanek, Kirby, Morton, Mullin and Ward, are likewise entitled to summary judgment in their favor with regard to Abdulhaseeb's claims under the free exercise clause of the first amendment to the United States Constitution as set forth in Counts X, XI, XII and XIII of the second amended complaint and with regard to Abdulhaseeb's claims under the establishment clause of the first amendment;

(9) FINDS that defendants Anderson, Franzese, Guilfoyle, Harvanek, Kirby, Morton, Mullin and Ward are entitled to summary judgment on Abdulhaseeb's claim under the equal protection clause of the fourteenth amendment to the United States Constitution as set forth in Count XI;

(10) FINDS to the extent that Abdulhaseeb is asserting a claim under the fourteenth amendment for the seizure of and/or failure to return certain hardcover books, that defendants Anderson, Franzese, Guilfoyle, Harvanek, Kirby, Morton, Mullin and Ward are entitled to summary judgment on this claim;

(11) FINDS to the extent that Abdulhaseeb has sued any defendant in this matter in his or her official capacity under section 1983 and has sought monetary relief against that defendant, that that defendant is entitled to immunity under the eleventh amendment to the United States Constitution and that such official-capacity claims are dismissed without prejudice to refiling;

(12) FINDS that defendants Calbone, VanWey, Wood, Branam, Elizondo, Beasley, Jacques, DeVaughn, Haskins, Smith, Barger and Dishman are entitled to summary judgment on Abdulhaseeb's claims as set forth in Count I that these defendants violated RLUPIA by failing to employ an Iman at GPCF;

(13) FINDS that these same defendants as well as defendants Mock and Cartwright are entitled to summary judgment on Abdulhaseeb's claims these defendants violated RLUPIA as set forth in Count II because Abdulhaseeb has failed to show that the defendants have substantially burdened his exercise of religion by their actions;

(14) FINDS that defendants Calbone, VanWey, Wood, Branam, Elizondo, Beasley, Jacques, DeVaughn, Haskins, Smith, Barger and Dishman are entitled to summary judgment on Abdulhaseeb's claim that these defendants' failure to sponsor an Islamic revival meeting violated RLUPIA as set forth in Count IV of the second amended complaint;

(15) FINDS that defendants Calbone, VanWey, Wood, Branam, Elizondo, Beasley, Jacques, DeVaughn, Haskins, Smith, Barger and Dishman as well as defendants Mock and Cartwright are entitled to summary judgment on Abdulhaseeb's claim as set forth in Count V that these defendants' actions violated RLUIPA;

(16) FINDS that defendants Calbone, VanWey, Wood, Branam, Elizondo, Beasley, Jacques, DeVaughn, Haskins, Smith, Barger and Dishman are entitled to summary judgment on Abdulhaseeb's claim as set forth in Count III that these defendants violated his right to equal protection;.[5]

(17) FINDS that defendant Kenny Demby, a GPCF food service supervisor, is entitled to dismissal without prejudice since Abdulhaseeb has failed to serve this defendant within 120 days after the filing of the second amended complaint, Rule 4(m), F.R.Civ.P.;[6]

(18) DENIES Abdulhaseeb's Motion for Continuance [Doc. 138] file-stamped February 27, 2008; and

---

[5]In summary, all defendants are entitled to dismissal without prejudice of Counts VI, VII, VIII, IX, XIV, XV, XVI and XVII for failure to exhaust administrative remedies. Defendants Anderson, Franzese, Guilfoyle, Harvanek, Kirby, Morton, Mullin and Ward are entitled to summary judgment in their individual capacities on the merits of the claims set forth in Counts I through V and X through XIII; these same defendants are entitled summary judgment in their official capacities on these same claims to the extent such claims seek prospective injunctive relief, and these same defendants are entitled to dismissal without prejudice of any claims asserted against them for declaratory or retrospective injunctive relief under section 1983 because they are entitled to eleventh amendment immunity.

Defendants Calbone, VanWey, Wood, Branam, Elizondo, Beasley, Jacques, DeVaughn, Haskins, Smith, Barger and Dishman are entitled to summary judgment on Counts I through V of the second amended complaint, and defendants Mock and Cartwright are entitled to summary judgment on Counts II and V.

[6]On April 16, 2006, Abdulhaseeb completed the paperwork necessary for the United States Marshal to serve Demby, whose address was unknown to Abdulhaseeb. The papers were returned by the United States Postal Service on June 8, 2006, with the notation "insufficient address." Abdulhaseeb has not re-attempted service on this defendant, sought the Court's assistance or shown good cause why additional time to serve Demby is necessary.

(19) ORDERS that judgment in favor of the defendants issue forthwith

ENTERED this 2nd day of April, 2008.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE