IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MADYUN ABDULHASEEB a/k/a )
    JERRY L. THOMAS, )
                     )
        Plaintiff, )
                     )
                     )     CIV-05-1211-W
v. )
                     )
JUSTIN JONES, Director of the )
Oklahoma Department of Corrections, )
                     )
        Defendant.[1] )

## SUPPLEMENTAL  REPORT  AND  RECOMMENDATION

On February 2, 2012, the Court entered an Order (Doc. # 231) derived from a

settlement of the parties, as set forth in the parties' Joint Motion for Entry of Order Resolving

All Issues (Doc. # 230).   In the Order, all Defendants except Mr. Jones, in his official

capacity as the Director of the Oklahoma Department of Corrections ("DOC"), were

dismissed from the action with prejudice.

Recognizing that the parties had "stipulated that the Plaintiff's sincerely-held religious

beliefs relating to his compliance with the requirements of Islam's dietary laws as well as the

nutritional standards of the DOC can best be met by providing a Halal diet to him while he

---

[1]Pursuant to the Order entered February 2, 2012, all Defendants except Mr. Jones in his official capacity were dismissed from the action with prejudice. See Order (Doc. # 231)(West, D.J.). Therefore, the caption is amended to reflect the dismissal of all Defendants from the action except Mr. Jones.

is housed in a DOC facility or in any facility contracted with DOC," the Court ordered in

paragraph 6 that

> a Halal diet that shall consist of foods prepared and served in compliance with the standards and procedures described in DOC OP-070202, Attachment "A", with the exception of the provisions under the headings of "Dinner," "Shabbat" and "Other" that address Judaic practices that are inapplicable to Islam, shall be provided to the Plaintiff so long as he is housed in a DOC facility or in any facility contracted with DOC.  It is hereby PROVIDED further that where the menu calls for pre-packaged Kosher meals, comparable pre-packaged Halal meals shall be provided to the Plaintiff so long as he is housed in a DOC facility or in any facility contracted with DOC.  The foregoing requirements of Paragraph 6 shall be implemented within thirty (30) days of the filing of this Order.

(Doc. # 231).  In paragraph 7, the Court ordered that the

> Defendant shall locate and approve a vendor from whom the Plaintiff and other Muslim inmates can order festival/holiday foods such as sweets, nuts and fruit.  These items may be ordered through the canteen in advance of the holiday or festival.  The Defendant shall notify the inmates in writing of the lead time necessary for such orders.   The foregoing requirements of Paragraph 7 shall be implemented within thirty (30) days of the filing of this Order.

(Doc. # 231).

Invoking the Court's continuing jurisdiction over the terms of the parties' settlement

agreement, Plaintiff has filed a *pro se* 18-page Motion to Enforce Order and/or Motion for

Further Relief and/or Motion for Finding of Contempt. (Doc. # 232).  The Motion has been

referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§ 636(b)(1)(B).  In this Motion, Plaintiff has named as Defendants Mr. Jones, numerous

2

officials at the Lawton Correctional Facility ("LCF") where Plaintiff is in custody, a DOC purchasing agent, and a corporate entity, Sysco, which Plaintiff describes as DOC's "primary food vendor." Defendant Jones has responded to the Motion. The Defendants who were named in the original action and previously dismissed in the Order have also responded to the Motion. Having considered the Motion and the evidentiary documents presented by Plaintiff and Defendant Jones, it is recommended that Plaintiff's Motion be denied.[2]

Plaintiff admits that he has received a Halal diet beginning in January 2012. Motion, at 6. Plaintiff contends, however, that the Halal diet he receives is not comparable to the Kosher diet provided to Jewish inmates or to the "common fare" diet provided to other inmates. Motion, at 2. Plaintiff's complaints center around the provision of meat and the amount of food contained in the Halal diet. Plaintiff alleges that "four of the five single-dish, 10[-ounce,] prepackaged Halal meals are vegetarian meals" and that he receives only "half of the daily rations" provided to the "protestant Christian majority and the Jewish inmates" at the prison. Motion, at 5, 10. Plaintiff also complains that he and other inmates on the Halal diet are not served "celebratory meals" on July 4th, Thanksgiving, and Christmas, as are other inmates not on the Halal diet. Motion, at 8.

As relief, Plaintiff asks the Court to hold Defendant Jones and the non-parties named in the Motion in contempt of the Order entered February 2, 2012, award Plaintiff

---

[2]In light of the recommendation made herein that the Order has not been violated by Defendant Jones or any LCF or DOC official, it is not necessary to determine whether the non-parties named in Plaintiff's Motion were "in active concert or participation" with the only remaining party, Defendant Jones, as required by Fed.R.Civ.P. 65(d).

compensatory damages, and modify the Order to (1) change the term "comparable" in paragraph 6 to "equal" and (2) to provide that Plaintiff be given the same "celebratory meals" on three dates, July 4th, Thanksgiving, and Christmas as are given to inmates on non-religious diets. Motion, at 17.

Civil contempt proceedings "are considered to be a part of the action from which they stem." F.T.C. v. Kuykendall, 371 F.3d 745, 756 (10th Cir. 2004). "Sanctions for civil contempt may only be employed . . . to compel or coerce obedience to a court order [and/or] to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992).

"To be held in contempt, a court must find the party violated a specific and definite court order and the party had notice of the order." Lucre Mgmt. Group, LLC v. Schempp Real Estate, 365 F.3d 874, 875 (10th Cir. 2004)(quotations and citation omitted). It is Plaintiff's burden to prove, by clear and convincing evidence, that (1) a valid court order existed, (2) Defendant had knowledge of the order, and (3) Defendant disobeyed the order. See United States v. Ford, 514 F.3d 1047, 1051 (10th Cir. 2008)(quotations and citation omitted).

An injunction is interpreted "from the four corners of the order." Hatten-Gonzales v. Hyde, 579 F.3d 1159, 1168 (10th Cir. 2009)(quotations and citation omitted). The Order specifies that "a Halal diet that shall consist of foods prepared and served in compliance with the standards and procedures described" in DOC's policy OP-070202, Attachment A, except

4

for the policy's provisions governing Judaic practices that are not applicable to Islam, be provided to Plaintiff. Order (Doc. # 231), at 2.  The Order further specifies that "[w]here the menu calls for pre-packaged Kosher meals, comparable pre-packaged Halal meals shall be provided to the Plaintiff . . . ." Order (Doc. # 231, at 2-3).

Plaintiff's allegations, when considered with the documentary evidence presented with the Motion, do not show by "clear and convincing" evidence that Defendant Jones or any LCF or DOC official has violated a specific term of the Order.  Rather, Plaintiff's allegations reflect that he has unilaterally interpreted the type of Halal diet he wants to receive, i.e., one that includes a variety of meat-based dishes and also that provides special "celebratory meals" given other inmates not on a religious-based diet, and he is unhappy that prison officials have not satisfied his individual dietary requests.  Plaintiff admits that he is being served pre-packaged Halal meals supplemented with Kosher-certified food items, and he has not demonstrated that these meals and food items do not satisfy the religious-based requirements of a Halal diet.  He merely wants a different variety of food in his Halal diet.

Plaintiff's conclusory allegations concerning the amount of food included in the Halal diet are equally unavailing.  As evidentiary support for these allegations, Plaintiff has provided copies of three Halal Menu cycles, each of which reflects it was approved by a dietician and food service director on January 27, 2012.  Plaintiff has also provided a copy of a Menu Template Report showing the nutritional values of the food included in the three Halal Menu cycles. Motion, Exs. D and E.  This Report reflects that the Halal diet provides, on average, approximately 3,000 calories per day. Motion, Ex. E.

With his response, Defendant Jones has provided copies of three Kosher Menu cycles provided to inmates on the Kosher diet and the Menu Template Report for the Kosher Menu cycles. The Menu Template Report shows that the Kosher diet also provides, on average, approximately 3,000 calories per day. The Menu Template Report for the Kosher Menu cycles, when compared with the Menu Template Report for the Halal Menu cycles, demonstrates that the Halal diet meals provide nutritional values that are substantially equal to the nutritional values of the Kosher diet meals. Under these circumstances, Defendant Jones has made good faith efforts to comply with the Order entered in this case, and Plaintiff has not demonstrated that Defendant Jones or any LCF or DOC official has violated the terms of the Order. Therefore, Plaintiff's Motion seeking to hold Defendant Jones or the non-parties named in the Motion in contempt and to obtain compensation for an alleged violation of the Order should be denied.

To the extent Plaintiff requests that the Order be modified, Plaintiff has failed to show that the Order does not fully and accurately set forth the terms of the parties' settlement agreement. Nor has Plaintiff shown that the terms in the Order are too vague to be understood or that the terms in the Order do not "describe in reasonable detail . . . the act or acts sought to be restrained." Fed.R.Civ.P. 65(d). Plaintiff first suggests that the Order be modified to require that Defendant Jones provide pre-packaged meals to Plaintiff that are "equal" to those provided to Jewish inmates on a Kosher diet rather than "comparable," as the Order now requires. Plaintiff was a party to the settlement agreement, and he has not shown that any such terminology was contemplated by the parties to the settlement

6

agreement in this case.  As a practical matter, a federal court could not effectively determine whether or not a state correctional official was in compliance with an injunction like the one ordered in this case if the official was required to provide "equal" religious-based diets to inmates of varying religious preferences.

Nor has Plaintiff demonstrated that the parties to the settlement agreement contemplated the provision of special "celebratory meals" for Plaintiff on traditional American holidays such as the Fourth of July, Thanksgiving, or Christmas.  Plaintiff's allegations reflect that he merely feels slighted by the fact that other inmates not on a religious-based diet receive different types of meals on these days.  Plaintiff's personal feelings provide no rational basis for modifying the Order's terms. The Court should deny Plaintiff's request to modify the Order.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that Plaintiff's Motion be DENIED.  Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by   January 28th   , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.   The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf. Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter.

      ENTERED this __7th__ day of ___January___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE