IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 2 5 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

MADYUN ABDULHASEEB a/k/a )
JERRY L. THOMAS, )
  )
      Plaintiff, )
  )
vs. ) No. CIV-05-1211-W
  )
JUSTIN JONES, Director of the )
Oklahoma Department of Corrections, )
  )
      Defendant. )

## ORDER

On January 7, 2013, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter resolving the Motion to Enforce Order and/or Motion for Further Relief and/or Motion for Finding of Contempt [Doc. 232], as amended, filed by plaintiff Madyun Abdulhaseeb a/k/a Jerry L. Thomas, proceeding pro se. Abdulhaseeb was advised of his right to object, and the matter now comes before the Court on Abdulhaseeb's Objection to the Supplemental Report and Recommendation.[1]

Upon de novo review of the record,[2] the Court concurs with Magistrate Judge Purcell's recommendation that the Court deny Abdulhaseeb's request that defendant Justin Jones, in his capacity as Director of the Oklahoma Department of Corrections ("ODOC"),

---

[1]As permitted by the Court, Abdulhaseeb has filed a document that sets forth both his reply to the defendant's response to his Motion to Enforce Order and/or Motion for Further Relief and/or Motion for Finding of Contempt and his objections to Magistrate Judge Purcell's Supplemental Report and Recommendation.

[2]The parties are familiar with the facts and procedural history of this case, and the Court has not restated either in the instant Order except to note that pursuant to the Court's Order entered February 1, 2012, all defendants except Justin Jones, in his official capacity as Director of the Oklahoma Department of Corrections, were dismissed from the action with prejudice. See Doc. 231. The title of this matter has been amended to reflect that substitution.

as well as numerous nonparties, officials at Lawton Correctional Facility ("LCF"), where Abdulhaseeb is currently incarcerated, Tina Hicks, ODOC purchasing agent, and Sysco, alleged to be ODOC's primary food vendor, be held in contempt[3] and be liable for compensatory damages.[4] The Court likewise agrees with Magistrate Judge Purcell's recommendation that modification of the Court's Order [Doc. 231] issued on February 1, 2012, to substitute the word "equal" for the word "comparable" in paragraph 6 of that document[5] and to provide that Abdulhaseeb be given the same "celebratory meals" on three dates—July 4th, Thanksgiving and Christmas—as are given to inmates on non-religious diets is unwarranted.

Abdulhaseeb, who has admitted that he is receiving Halal meals, has not shown by "clear and convincing" evidence that Jones has violated a specific term of the Court's

---

[3]Given the Court's findings with regard to Jones, the Court has not considered whether "third party participants with GEO [Group, Inc.,] and LCF are even now in active concert with . . . Jones to avoid implementation of the [Court's] Order."  Doc. 252 at 2.

[4]The Court also finds unwarranted the following relief sought by Abdulhaseeb:

A declaratory judgment order declaring that in addition to Attachment A of OP-070212, other subsections of OP-070212 bearing on nutritional standards, selection of menus, National Academy of Sciences, American Dietetic Association Standards, portion sizes, minimum daily recommended servings from all of the different food groups of the food tree be equaled or exceeded, made applicable through [the] 14th amendment . . . .

Doc. 252 at 9.

[The] appoint[ment of] a receiver to [ensure the] delivery of constitutionally adequate Halal menu cycles and menu template report . . . .

Id. at 14.

[5]Paragraph 6 reads in part: "It is hereby PROVIDED further that where the menu calls for pre-packaged Kosher meals, comparable pre-packaged Halal meals shall be provided to the Plaintiff so long as he is housed in a[n] [O]DOC facility in any facility contracted with [O]DOC." Doc. 231 at 2-3, ¶ 6 (emphasis added).

Order.[6] Abdulhaseeb has likewise failed to show that the Court's Order does fully and accurately set forth the terms of the parties' settlement agreement or that the Order's terms are too vague to be understood.

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 242] filed on January 7, 2013;

(2) DENIES Abdulhaseeb's Motion to Enforce Order and/or Motion for Further Relief and/or Motion for Finding of Contempt [Doc. 232], as amended; and

(3) likewise DENIES Abdulhaseeb's Motion to Strike the Supplemental Report and Recommendation and Void It and Void Defendant's Response [Doc. 244] file-stamped February 21, 2013.[7]

ENTERED this 25th day of March, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[6] To prevail, Abdulhaseeb "has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." Reliance Insurance Co. v. Mast Construction Co., 159 F.3d 1311, 1315 (10th Cir. 1998)(citations omitted). The Court finds that Abdulhaseeb has failed to meet his burden with regard to the third element.

[7] Any prejudice that Abdulhaseeb might have experienced due to the failure of the Clerk of the Court and defense counsel to mail documents to Abdulhaseeb has been cured since Abdulhaseeb eventually received the documents and was given the opportunity to file both a reply and an objection.